IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANDREW LEE JAMISON                                                                PLAINTIFF

v.                                                                          No. 4:07CV39-P-A

JIM HOOD, ET AL.                                                                DEFENDANTS

**MEMORANDUM OPINION**

The court, *sua sponte,* takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. The plaintiff, a prisoner proceeding *pro se*, seeks review of his sentence imposed under the laws of Mississippi – and seeks to be tested to determine whether he carries HIV. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

Most of the instant complaint is devoted to the plaintiff's challenge to the validity of his conviction and sentence. The plaintiff does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. The plaintiff argues that numerous error and irregularities in his prosecution and conviction for armed robbery rendered his conviction invalid. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, this claim under 42 U.S.C. § 1983 is not ripe for consideration and should be dismissed without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254.

The plaintiff has already brought his claim that he should be tested for HIV in the United States District Court for the Southern District of Mississippi in *Jamison v. Central Mississippi*

*Correctional Facility*, 3:06CV507-WLB-LRA. On January 29, 2007, the plaintiff himself moved to dismiss that case voluntarily because "the relief requested to the Administrative Remedy Program has been granted." The court granted that motion January 30, 2007, in a final judgment dismissing the case *with prejudice*. As such, the plaintiff's claims regarding his request for HIV testing are barred by the doctrine of *res judicata*. *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id. Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine of *res judicata* bars the

plaintiff from relitigating any claims arising out of his desire for HIV testing and any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Christopher Epps and Larry Hardy shall be dismissed for failure to state a claim upon which relief could be granted.

In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE